In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00280-CV

_____

**EGYPT LAND DEVELOPMENTS, LP, Appellant**

**V.**

**AXA SEGUROS, S.A. DE C.V., MARIA LOUISA MIRELES-POULAT, RICARDO MOHAMED IBRAHIM-HAKIM, SAMY IBRAHIM-HAKIM, SOO CAPITAL GROUP, LLC, AND MARCO BARDONE-MALDONADO, Appellees**

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 19-07-09268-CV**

**MEMORANDUM OPINION**

AXA Seguros, S.A. de C.V. (AXA) sued Samy Ibrahim-Hakim (Samy) and Maria Louisa Mireles-Poulat (Mireles), among others, for claims arising after Samy defaulted on a $15.5 million loan AXA provided to him and a company he owned. Non-party Egypt Land Developments, LP, (Egypt) appeals the trial court's "Order

1

Granting Plaintiff's Motion to Compel Non-Party Egypt Land Developments, L.P.'s Compliance with Court's Consent Order" ("August 20, 2021 Order"). AXA's claims included that Samy and Mireles had fraudulently transferred assets to place them out of AXA's reach. AXA, Samy, and Mireles agreed to the Consent Order that extended a prior Temporary Restraining Order, which in pertinent part "ORDERED, ADJUDGED, AND DECREED that Mr. Samy Ibrahim is temporarily restrained from selling, transferring, or taking any action to alienate his interest in his real or personal property in the United States." For the following reasons, we dismiss.

Samy purportedly owned an interest in SOO Capital Group, LLC, (SOO) also a Defendant in this litigation. SOO allegedly held a 36% interest in Egypt, a real estate holding company. AXA alleged that Samy's brother, another named Defendant in the underlying litigation, attempted to unlawfully transfer Samy's shares in SOO. Therefore, AXA sought to secure Egypt's compliance with the Consent Order. *See* Tex. R. Civ. P. 683 (noting binding nature of injunction or restraining order on "those persons in active concert or participation with them who receive actual notice of the order").

Appellant argues that the August 20, 2021 Order "shares the character and function of temporary injunctive relief," and therefore, is appealable pursuant to Texas Civil Practice and Remedies Code section 51.014(a). *See* Tex. Civ. Prac. &

2

Rem. Code Ann. § 51.014(a). We disagree with Egypt's contentions, find that the August 20, 2021 Order is not an appealable interlocutory order and dismiss the appeal.

Appellees argue that this court lacks jurisdiction because as a non-party, Egypt did not have standing to appeal the trial court's order absent filing a petition for writ of mandamus, and therefore, this court lacks jurisdiction.[1] However, a non-party aggrieved by an injunction may challenge the injunction by filing a petition for writ of mandamus with this court and invoking its original jurisdiction. *See* Tex. R. Civ. P. 51.014(a)(4) (authorizing a "person" to appeal from a temporary injunction rather than a party); *Q'Max Am., Inc. v. Screen Logix, LLC*, No. 01-15-00319-CV, 2016 WL 796838, at *4 (Tex. App.—Houston [1st Dist.] Mar. 1, 2016, no pet.) (mem. op.) ("An appellant need not be a party to a temporary injunction in order to have standing to appeal it, so long as the appellant is personally aggrieved by the entry of the temporary injunction and therefore, has a justiciable interest in the controversy.") (mem. op.) (citations omitted).

---

[1]Egypt did not invoke *CMH Homes v. Perez* in reply to AXA's argument that we lack jurisdiction absent a petition for writ of mandamus. *See* 340 S.W.3d 444, 452–54 (Tex. 2011) (explaining that appellate court was without jurisdiction to hear an interlocutory appeal appointing an arbitrator, but where party requested that appeal alternatively be treated as a petition for writ of mandamus the court of appeals should have addressed it as such).

Here, however, Appellant has failed to challenge the underlying order that operated to restrain or enjoin Samy from divesting his property interests.[2] *See* Tex. R. Civ. P. 683. The August 20, 2021 Order granted Appellee's Motion to Compel Egypt's Compliance with the Consent Order and simply required Egypt's compliance with the previously issued order restraining Samy. The August 20, 2021 Order did not grant or modify an injunction and accordingly, is not an appealable interlocutory order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (permitting appeal from interlocutory order that "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction"). Likewise, the August 20, 2021 Order did not add terms or requirements to the Consent Order. *See Tri Star Petroleum Co. v. Tipperary Corp.*, No. 11-03-00319-CV, 2003 WL 22412734, at *1 (Tex. App.—Eastland Oct. 23, 2003, pet. denied [mand. denied]) (mem. op.) (concluding that an order granting a motion to compel compliance with a temporary injunction did not constitute additional terms or requirements to the injunction and was therefore not subject to appeal).

---

[2]We do not decide whether the Consent Order constituted a temporary injunction, i.e., an appealable interlocutory order versus a non-appealable TRO.

Since the August 20, 2021 Order was not an appealable interlocutory order, we dismiss the appeal for want of jurisdiction.

APPEAL DISMISSED.

PER CURIAM

Submitted on August 29, 2022
Opinion Delivered August 31, 2022

Before Golemon, C.J., Kreger, and Johnson, JJ.